NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

FEB 22 2022

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

JUAN CARLOS CABRERA URRUTIA,

Petitioner,

v.

MERRICK B. GARLAND, Attorney General,

Respondent.

No. 15-71760

Agency No. A076-715-565

MEMORANDUM*

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 15, 2022**

Before: FERNANDEZ, TASHIMA, and FRIEDLAND, Circuit Judges.

Juan Carlos Cabrera Urrutia, a native and citizen of Guatemala, petitions for review of the Board of Immigration Appeals' order dismissing his appeal from an immigration judge's decision denying his applications for asylum, withholding of removal, protection under the Convention Against Torture ("CAT"), and

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

cancellation of removal. Our jurisdiction is governed by 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings and review de novo claims of due process violations in immigration proceedings. *Padilla-Martinez v. Holder*, 770 F.3d 825, 830 (9th Cir. 2014). We deny in part and dismiss in part the petition for review.

As to the denial of asylum and withholding of removal, substantial evidence supports the agency's conclusion that Cabrera Urrutia failed to establish an objectively reasonable fear of future persecution. *See Rusak v. Holder*, 734 F.3d 894, 896 (9th Cir. 2013) (an asylum applicant bears the burden of proving she has an objectively reasonable fear, which may be established by the presentation of "credible, direct, and specific evidence in the record of facts that would support a reasonable fear of persecution" (internal citation omitted)); *see also Zehatye v. Gonzales*, 453 F.3d 1182, 1190 (9th Cir. 2006) (where petitioner failed to establish eligibility for asylum, she did not establish eligibility for withholding of removal).

Substantial evidence also supports the agency's denial of CAT protection because Cabrera Urrutia failed to show it is more likely than not that he would be tortured if returned to Guatemala. *See Aden v. Holder*, 589 F.3d 1040, 1047 (9th Cir. 2009); *see also Zheng v. Holder*, 644 F.3d 829, 835-36 (9th Cir. 2011) (possibility of torture too speculative).

15-71760

The BIA did not err in rejecting Cabrera Urrutia's ineffective assistance of counsel claim where he failed to show prejudice as a result of his former counsel's performance. *See Padilla-Martinez*, 770 F.3d at 830 ("To prevail on a due-process claim, a petitioner must demonstrate both a violation of rights and prejudice."); *see also Mohammed v. Gonzales*, 400 F.3d 785, 793-94 (9th Cir. 2005) ("[P]rejudice results when the performance of counsel was so inadequate that it *may* have affected the outcome of the proceedings." (internal citation and quotation marks omitted)).

To the extent Cabrera Urrutia challenges the agency's determination that he did not show exceptional and extremely unusual hardship to a qualifying relative for purposes of cancellation of removal, we lack jurisdiction to review this subjective, discretionary determination where Cabrera Urrutia does not raise a colorable legal or constitutional claim. *See* 8 U.S.C. § 1252(a)(2)(B)(i), (D); *Martinez-Rosas v. Gonzales*, 424 F.3d 926, 930 (9th Cir. 2005).

We also lack jurisdiction to consider Cabrera Urrutia's unexhausted due process claims. *See Barron v. Ashcroft*, 358 F.3d 674, 677-78 (9th Cir. 2004) (court lacks jurisdiction to review claims not presented to the agency).

The temporary stay of removal remains in place until issuance of the mandate.

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**

15-71760